## GOPSILL et al. v. C. E. HOWE CO.

(Circuit Court, E. D. Pennsylvania. January 10, 1907.)

### No. 32.

COPYRIGHT—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The showing on a motion for a preliminary injunction to restrain alleged infringement of complainant's copyrighted directory *held* not to warrant the granting of such injunction, but sufficient to make it proper to require defendant to give a bond for the payment of any damages complainant might recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Copyrights, § 78.]

In Equity. On motion for preliminary injunction.

H. C. Kennedy, George R. Van Dusen, and Horace Pettit, for complainants.

Joseph P. Rogers and John O. Bowman, for respondent.

HOLLAND, District Judge. The affidavits admitted in this case leave the question very much in doubt. There are a number of errors in the complainants' directory, which it is alleged have been copied by the defendant. It is true there are a number of names with the same residence and occupation in complainants' directory, which are errors as compared with the real facts as they now exist; in other words, these people by this name do not reside at these places at this time. The complainants allege an unfair use has been made of their directory by defendant, and that in copying from it the errors were also copied. This is denied, and defendant, in its affidavits, explains the entire system employed in the work of preparing its book.

The allegation is that the names were originally copied from the voters' list of the town, and the affidavits are to the effect that these names appearing in defendant's directory, which are supposed to be errors, were found upon the voters' list and kept for use in the work of the canvassers. They further state that all these names were written upon slips, and canvassers covered the entire city. The documentary evidence produced to show that this was done was very voluminous and of a kind to indicate that the defendant did the work claimed to have been done by it in the affidavits. At any rate, it has made out such a case that a preliminary injunction should not be issued. There has not been a complete explanation as to the alleged errors appearing in defendant's directory, but enough has been shown to indicate that their source of original information was the voters' list, and that these errors appeard there. If, upon final hearing, they can conclusively establish this by the production of the voters' list, or other evidence to show that this is the fact, it would, of course, go far to explain their existence in their book, and how they came there without being copied from the complainants' directory.

But, in order that the complainants may be fully protected pending a final determination, the following order will be made: That the defendant be required to give a bond in the sum of $20,000, conditioned for the payment of any damages which the complainants may recover against it in this suit, and, upon filing the same with the clerk of the Circuit Court, the restraining order is revoked, and the petition for a preliminary injunction is dismissed; and in case this bond is not filed on or before Saturday morning, January 12, 1907, at 10 o'clock, a preliminary injunction will issue.